**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.  12-cv-01264-LTB

JOSEPH T. RYERSON & SON, INC.,

      Plaintiff,

v.

BEALL CORPORATION d/b/a Beall Trailers of Montana, inc.,
BEALL TRAILERS OF CALIFORNIA, INC., &
BEALL TRAILERS OF WASHINGTON, INC.;
SECTOR CORPORATION; and
ST. JOHNS CORPORATION,

      Defendants.

_____

**ORDER**
_____

Upon Plaintiff's Motion for Default Judgment (Doc 14 - filed June 19, 2012), and review of the file, the Court finds as follows:

1.     Plaintiff filed its complaint against Defendant Beall Corporation, Sector Corporation, and St. Johns Corporation ("Defendants") on May 15, 2012.

2.     Plaintiff properly served Defendant Beall Corporation on May 17, 2012, and properly served Defendants Sector Corporation and St. Johns Corporation on May 22, 2012.

3.     Defendants had twenty-one days from the date of service to file an answer or otherwise defend.  F.R.C.P. 12(a)(1)(A)(I).

4.      Defendant Beall Corporation's twenty-one days ran on June 7, 2012. Defendants Sector Corporation and St. Johns Corporation's twenty-one days ran on June 12, 2012.  Defendants filed no answer and did not otherwise defend.

5.      On Plaintiff's Motions for Entry of Default, the Clerk entered Defendant Beall Corporation's default on June 11, 2012, and entered Defendants Sector Corporation and St. Johns Corporation's defaults on June 13, 2012.

6.      When a Defendant's default has been entered, a Plaintiff may move for default judgment.  F.R.C.P. 55(b).  Default judgment may be entered by the Clerk where a Plaintiff's claim is for a sum certain, the Plaintiff provides an affidavit showing the amount due, and the Defendant is neither a minor nor an incompetent person.  F.R.C.P. 55(b)(1).

7.      In this case, Plaintiff's claim is for a sum certain.  As shown by the affidavit attached to the Motion as Exhibit 3, Plaintiff provided aluminum building materials to Defendant Beall Corporation on credit.  Defendant Beall corporation failed and refused to pay for the accepted materials.   Plaintiff was therefore damaged in the amount of $496,610.46, plus interest at 18% per annum.

8.      Additionally, pursuant to the parties' credit agreement, Defendant Beall Corporation agreed to pay Plaintiff's reasonable attorney fees and costs for collection of past due balances.  Plaintiff has, as of the filing of this motion, incurred $8,204.20 in reasonable attorney fees and costs.

9.      Defendants Sector Corporation and St. Johns Corporation are liable to Plaintiff as guarantors of Beall Corporation. Defendant Sector Corporation and St. Johns Corporation agreed to indemnify Defendant Beall Corporation for its debt to Plaintiff.

10.     Defendants are corporations.  Therefore they are neither a minor nor an incompetent person.  Additionally, Defendants are not a federal officer or agency.

Accordingly, it is

ORDERED that the Clerk shall enter default judgment for Plaintiff and against Defendants, jointly and severally as follows:

1.     Damages in the amount of $496,610.46.

2.     Pre-judgment interest at 18% per annum, calculated from the time of breach to the date of this motion, in the amount of $40,794.57.

3.     Attorney fees and costs in the amount of $8,204.20.

This results in a total judgment of $545,609.23.  Additionally, the judgment shall order post-judgment interest at 18% per annum until such time as the judgment is satisfied.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Judge

DATED:   June 20, 2012

3